BOYLE, Treas., etc., Plaintiff-Appellant, v. WARFEL et, Defendants-Appellees.
STATE ex rel CURTISS, Plaintiff-Appellant, v. ZANGERLE, Aud., etc., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21644, 21637.   Decided February 20, 1950.

116

Frank T. Cullitan, Pros. Atty., John F. Smolka, Doris Brucker, Asst. Pros. Attys., Cleveland, for appellant in Case No. 21644 and for appellee in Case No. 21637.

Leckle, McCreary, Schlitz & Hinslea (Ansel B. Curtiss of Counsel), Cleveland, for appellant in Case No. 21637 and for appellees in Case No. 21644.

(GUERNSEY, PJ, of the Third District, HUNSICKER, J, DOYLE, J, of the Ninth District, sitting by designation in the Eighth District.)

**OPINION**

PER CURIAM:

In determining the controversy before us on appeal from a judgment of the Court of Common Pleas of Cuyahoga County, we do not deem it necessary to set forth the facts which are, in all important details, agreed upon by the litigating parties and well known to them.

It is the judgment of the members of this court that the commencement of a delinquent tax foreclosure action does not terminate the right of a property owner to the benefits of §2573 GC, as amended, and that such rights may be asserted at any time prior to final judgment and sale.

The legislature imposed no time limitation, and, as the rights of the property owners here involved come within the words of the statute, certainly they must come within its operation. We find no other statute the language of which

conflicts with the substantive right given in the statute under consideration.

Furthermore, the action in foreclosure is one in equity in which the court, in the absence of a statute authorizing such action on its part, had authority in the exercise of its equitable jurisdiction to make the order of which complaint is made for good cause shown; and, in the absence of a bill of exceptions, it is conclusively presumed that such good cause was shown.

For the reasons stated above, the judgment is affirmed in case No. 21644.

In consideration of the judgment of affirmance in the instant case, namely, case No. 21644, the cause of action pleaded in case No. 21637 has become moot and the judgment of the Common Pleas Court refusing the writ of mandamus is therefore affirmed.

Judgment affirmed. Exceptions noted. Order see journal.

GUERNSEY, PJ, HUNSICKER, J, and DOYLE, J, concur.